# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TYRONE LEE,                              )
                                         )
      Plaintiff,                      )
                                         )         No. 14 C 8026
  v.                                     )
                                         )         Magistrate Judge
CAROLYN W. COLVIN, Acting                )         Maria Valdez
Commissioner of Social Security,[1]      )
                                         )
      Defendant.                      )
                                         )

## MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone Lee ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("SSA") denying his supplemental security income benefits under Title XVI ("SSI") of the Social Security Act ("the Act"). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 18] is granted and the matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

**I.   Procedural History**

At age forty-six, Plaintiff filed his SSI application on June 27, 2011, alleging disability due to high blood pressure, asthma, rheumatoid arthritis with pain in hands and legs, and depression with an amended disability onset date of May 14, 2011. (R. 20, 24). His initial application was denied, and was again denied upon a

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

January 3, 2012 reconsideration. (R. 20). Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), which took place October 20, 2012. (*Id*.). Plaintiff appeared at the hearing with his attorney and offered testimony. (*Id*.). A medical expert and a vocational expert ("VE") also appeared and testified. (*Id*.).

On January 24, 2013, the ALJ denied Plaintiff's applications for SSI benefits. (R. 20-29). The Appeals Council denied Plaintiff's request for review on April 14, 2014, leaving the ALJ's decision as the final decision of the Commissioner and therefore reviewable by the District Court under 42 U.S.C. § 405(g). (R. 5-7); *also* s*ee Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). (*Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994).

## II. ALJ Decision

On January 24, 2013, the ALJ issued a written determination finding that the Plaintiff has not been under a disability within the meaning of the Social Security Act since his May 14, 2011 amended onset date of disability, and denying Plaintiff's SSI application. (R. 20). The ALJ performed the proper five-step analysis, noting initially that the Plaintiff was born on March 12, 1965 and was 46 years old on the date the application was filed. (R. 28). At step one, the ALJ determined that Plaintiff did not engage in a Substantial Gainful Activity ("SGA") since his alleged onset date of May 14, 2011. (R. 22). At step two, the ALJ found that Plaintiff had the severe impairments of: asthma; left-eye blindness; depression with psychotic features; history of poly-substance abuse; antisocial personality

disorders; symptoms of arthritis; and a history of learning disability. (*Id*.). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 23). Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work that is unskilled, routine, and was limited to simple two step tasks involving the ability to understand, remember, and carry out very short and simple instructions, albeit at less than the full range of light work. (*Id*.). The ALJ also found the Plaintiff was unable to work on uneven or slippery surfaces, work at heights, climb ladders, or frequently negotiate stairs; the Plaintiff should avoid commercial driving; and the Plaintiff was not suited for work that required extensive contact with the public, joint work with coworkers, or jobs that required complex instruction and comprehension or fine motor skills. (*Id*.). At step four, the ALJ concluded that Plaintiff had no past relevant work. (R. 28). Finally, at step five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (*Id*.). Specifically, the ALJ found that Plaintiff could work as a laundry worker, or cleaner. (R. 29). As a result, the ALJ found that Plaintiff had not been disabled from March 14, 2011 through the date of the decision, under the Act. (*Id*.).

## STANDARD OF REVIEW

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the Plaintiff is disabled as set forth in the Act, 20 C.F.R. §§

3

404.1520(a) and 416.920(a), if it is supported by substantial evidence, and if it is free of legal error. 42 U.S.C. § 405(g). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Although we review the ALJ's decision deferentially, the ALJ must nevertheless build a "logical bridge" between the evidence and their conclusion. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). A "minimal[ ] articulat[ion] of [their] justification" is enough. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

## ANALYSIS

Plaintiff asserts that the ALJ made four errors. First, Plaintiff argues that the ALJ's decision to give greater weight to the opinion of a non-examining psychologist over the opinion of the Plaintiff's treating psychiatrist was not supported by substantial evidence. Second, Plaintiff argues that the ALJ's residual functional capacity (RFC) assessment failed to account for the Plaintiff's well-supported limitations. Third, the Plaintiff argues that the ALJ erred by failing to pose a hypothetical question to the vocational expert which included all of the Plaintiff's limitations rendering the ALJ's step five finding that the Plaintiff could perform other work, unsupported by substantial evidence. Lastly, the Plaintiff argues that the ALJ's credibility assessment was legally insufficient.

Turning to Plaintiff's first argument; the Plaintiff initially argues that the ALJ erred when assessing the weight of the Plaintiff's treating physician Dr. Medeia Gartel M.D. ("Dr. Gartel"), who administered a course of monthly

4

treatments with the Plaintiff starting in August of 2011 through June of 2012, and who submitted her medical opinion in a February 2, 2012 Mental Impairment Questionnaire. That questionnaire indicated, among other things, that the Plaintiff had a GAF of 50, with the Plaintiff's highest GAF over the past year being a score of 55. (R. 124). Likewise, the questionnaire assessed 23 of 25 categories of mental abilities and aptitudes needed to do unskilled work. (*Id.*) A majority (11) of the Plaintiff's abilities and aptitudes fell into the "*seriously limited but not precluded*" category, with five abilities and aptitudes falling into the "*limited but satisfactory*" category, and Plaintiff's ability to "understand and remember short and simple instructions" and Plaintiffs ability to "ask simple questions or request assistance" falling into the "*unlimited or very good category.*" (R. 126-27).

In examining Dr. Gartel's opinion, the ALJ noted that Dr. Gartel: diagnosed the Plaintiff with schizoaffective disorder, and assigned the Plaintiff a GAF Scale score of 50; stated the Plaintiff is seriously limited but not precluded in performing most aspects of unskilled work and in maintaining socially appropriate behavior; stated the Plaintiff has no restrictions on activities of daily living; stated the Plaintiff has extreme difficulties in maintaining social functioning and extreme difficulties in maintaining concentration, persistence or pace; and stated that the Plaintiff has had four or more episodes of decompensation. (R. 27). Lastly, the ALJ noted that Dr. Gartel opined that the Plaintiff's impairments would cause him to be absent from work four days per month. (*Id.*).

5

The ALJ determined Dr. Gartel's opinions contained in the questionnaire should only be attributed slight weight. (R. 28). Specifically, the ALJ stated that at the time the February 12, 2012 questionnaire was written, Dr. Gartel had only a short-term treatment relationship with the Plaintiff and that Dr. Gartel's opinion was conclusory, with little explanation provided for why Plaintiff's initial August 2011 medical assessment recorded less intense psychological symptoms. (*Id*.) Most notably, the ALJ stated that Plaintiff's four claimed episodes of decompensation noted by Dr. Gartel, are unsupported by the record. (*Id*.). Likewise, the ALJ noted that since completing the questionnaire, Dr. Gartel observed some improvements in the claimant's condition, as well as the non-compliant and/or partially-compliant taking of Plaintiff's medications. (*Id*.). Therefore, weighing these factors together, the ALJ concluded Dr. Gartel's opinion was likely sympathetic based upon the Plaintiff's subjective complaints. (*Id*.). The ALJ believed it was more appropriate to give greater weight to the opinion of Dr. Donna Hudspeth, the non-examining state agency psychologist whose opinion stated that the Plaintiff was only partially credible due to his exaggeration of symptoms, and also assessed the Plaintiff as only having predominantly mild functional limitations. (R. 28, 604-617).

While the ALJ performed a comprehensive analysis of the Plaintiff's condition, the Court finds the Plaintiff's first argument prevails as the ALJ's attributing of slight weight to Dr. Gartel's opinion and greater weight to the opinion of Dr. Hudspeth was not supported by substantial evidence. While an ALJ may decline to afford controlling weight to a treating physician's opinion if it is

6

inconsistent with other substantial medical evidence, he must explain what evidence he found to diminish its value. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir.2013). Specifically, when an ALJ chooses to reject a treating physician's opinion, he must set forth "good reasons" for that rejection which are "sufficiently specific to make clear to any subsequent reviewers the weight given to the treating source's medical opinion and the reasons for that weight." *Id.*; SSR 96-2p *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) ("An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice.") Likewise, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he is then required to consider the regulatory factors listed in 20 C.F.R. § 416.927, in conjunction with the other opinions in the record, and determine which opinions are entitled to greater weight. *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009).

Here, the ALJ failed to minimally articulate an acceptable reason for prioritizing the weight of Dr. Hudspeth's opinion over Dr. Gartel's opinion. Although the ALJ claimed Dr. Gartel examined the Plaintiff for a short duration of time, this is untrue as Dr. Gartel had examined the Plaintiff five times by the time she issued her opinion in the February 12, 2012 questionnaire. Similarly, Dr. Gartel's opinion was made almost six months after Dr. Hudspeth made her opinion, meaning that Dr. Hudspeth was unable to review neither Dr. Gartel's treatment

records or medical opinion and use it as a basis to form a more comprehensive and complete medical opinion.

For the same reason, the ALJ failed to properly analyze the opinions of Dr. Hudspeth and Dr. Gartel using the regulatory factors set forth in 20 C.F.R. § 404.1527. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See id.* The ALJ did not perform the analysis at all, and to the extent he may have alluded to the relevant factors, the ALJ was basing his conclusions on a possibly incorrect assumption about the length and nature of Plaintiff's treatment with those providers, and an analysis that was incomplete in necessary scope.

While the ALJ may have believed Dr. Hudspeth's opinion to be more consistent with the ALJ's overall impression of the Plaintiff's symptoms, this does not constitute a sufficient reason to prefer a non-treating physician's opinion over the treating physician absent explicitly considering the aforementioned regulatory factors. Likewise, while the ALJ states that there might have been a death of other evidence to support the Plaintiff's psychological disorders, this is again not a basis to favor the opinion of Dr. Hudspeth over that of Dr. Gartel especially when this is contradicted by the December 9, 2011 psychiatric examination report of Dr. Ana A. Gil which is largely consistent with Dr. Gartel's own opinion.

Therefore, as the ALJ was unable to minimally articulate a preference for Dr. Hudspeth's opinion using substantial evidence, the case is remanded for further for proceedings consistent with the findings discussed above. Also, the Court need not fully discuss the other errors alleged by Plaintiff. The Commissioner, however, should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court emphasizes that on remand, special care should be taken to fully re-evaluate the medical evidence in the record, including the opinion of treating physician Dr. Gartel, and reevaluate the Plaintiff's RFC in light of the aforementioned.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 18] is granted. This matter is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**  **ENTERED:**

**DATE:    January 18, 2017**

                                                      **HON. MARIA VALDEZ**
                                                      **United States Magistrate Judge**